UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JERMAINE HEFLIN**,

                Petitioner,                Case No. 2:19-cv-11230
                                                        Hon. Terrence G. Berg

v.

**MATT MACAULEY**,

                Respondent.
_____/

# OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS PETITION IN ABEYANCE

Jermaine Heflin, ("Petitioner"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Wayne County Circuit Court convictions of first-degree murder and commission of a felony with a firearm. ECF No. 1. He now seeks to hold the petition in abeyance. ECF No. 2.

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Petitioner asserts that he presented one claim on direct appeal in the state courts following his conviction: that his trial counsel was

ineffective by failing to present a defense and committing other errors. Both the Michigan Court of Appeals and the Michigan Supreme Court denied relief on direct appeal. *People v. Heflin*, No. 332338 (Mich. Ct. App. Sep. 19, 2017); *People v. Heflin*, No. 156661 (Mich. April 3, 2018).

Petitioner states that he has additional claims of ineffective assistance of trial and appellate counsel that he attempted to raise on direct appeal, but his motion to file a supplemental pro se brief in the Michigan Court of Appeals was denied. ECF No. 2 PageID.13–14. He requests that the Court stay the case while he pursues state post-conviction review with respect to these new claims. *Id*.

To avoid exceeding the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005).

The Court holds the petition in abeyance. Petitioner must exhaust his new claims in state court by filing a motion in the Wayne County Circuit Court within <u>sixty (60) days</u> of the date of this order. If that motion is denied, Petitioner must file timely appeals in the Michigan

Court of Appeals and Michigan Supreme Court. *See e.g. Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Further, Petitioner must move this Court to lift the stay within sixty (60) days of exhausting his state court remedies.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh,* 769 F.3d 409, 411 (6th Cir. 2014).

It is **ORDERED** that the motion to stay (ECF No. 2) is **GRANTED** and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is furthered **ORDERED** that a copy of the petition and this order be served upon the Michigan Attorney General, Appellate Division.

DATED May 22, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 22, 2019, by electronic and/or ordinary mail.

S/A. Chubb
Case Manager and Deputy Clerk