UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JERMAINE HEFLIN**, Petitioner, vs. **MATT MACAULEY**, Respondent. | 2:19-CV-11230-TGB-PTM <br><br> **ORDER GRANTING MOTION TO STAY** <br> **(ECF NO. 8)** |

Petitioner Jermaine Heflin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his pro se application, Petitioner challenges his state convictions for first-degree murder and felony-firearm. As outlined in the Court's prior Order, the case was stayed to allow Petitioner to exhaust his state court remedies with respect to claims not raised on direct review in the state courts. ECF No. 4.

On April 30, 2021, the Court granted Petitioner's request to extend the stay to allow additional time for filing an amended habeas petition. ECF No. 6. Petitioner filed an amended petition on July 20, 2021, but did not file a motion to reopen his case and lift the stay as the Court previously directed. ECF No. 7. Accordingly, the stay remains in effect. Petitioner has now filed a second motion to stay because he claims to have new evidence to support his actual innocence. ECF No. 8.

A federal habeas petitioner must first exhaust all available remedies in state court before seeking review from a federal court. 28

U.S.C. § 2254(b). A federal court may stay a federal habeas corpus to permit a petitioner to exhaust additional claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). In *Rhines*, the Supreme Court explained that such a stay is appropriate where outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277–78.

Here, as the Court noted in its prior Order, dismissing the petition on exhaustion grounds may create difficulties for Petitioner with respect to the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner alleges good cause for not previously raising his new claim because he asserts that it is based on newly discovered and previously unavailable evidence.

Without expressing any view on the merits of Petitioner's claim, the Court notes that Michigan Court Rule 6.502(G)(2)(b) allows a defendant to file a successive motion for relief from judgment on "a claim of new evidence that was not discovered before the first such motion." And on the face of the pleading, it does not appear that the claim is plainly meritless. Finally, Petitioner does not seem to be engaged in intentionally dilatory tactics. Indeed, from the record, it appears that Petitioner

assumed that the filing of his amended habeas petition served to reopen the case.

Therefore, the Court will continue to hold the petition in abeyance. Petitioner **must exhaust any new claims in state court by filing a motion for relief from judgment in the state trial court within 60 days of the date of this Order**. If the motion is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court. *See, e.g., Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009).

Further, **Petitioner may move to amend his habeas petition and must also file a motion in this Court to lift the stay within 60 days of exhausting his state court remedies**. In other words, once Petitioner has completed the process of filing a motion for relief from judgment in the state trial court, and has also fully pursued his appeals to the Michigan Court of Appeals and Michigan Supreme Court, he has 60 days to return to federal court, where he may move to lift the stay, and move to amend his habeas petition. Failure to comply with any of the conditions of the stay could result in dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is therefore **ORDERED** that Petitioner's motion to stay (ECF No. 8) is **GRANTED**.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to consider this case **CLOSED** for statistical purposes only.

3

Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: May 15, 2023      s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE